DA 06-0579

# IN THE SUPREME COURT OF THE STATE OF MONTANA

2007 MT 133N

STATE OF MONTANA,

      Plaintiff and Respondent,

   v.

BOBBY TIPTON,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DC 02-156,
Honorable Susan P. Watters, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Jim Wheelis, Chief Appellate Defender; Joslyn M. Hunt,
Assistant Appellate Defender, Helena, Montana

      For Respondent:

          Honorable Mike McGrath, Attorney General; Tammy K. Plubell,
Assistant Attorney General, Helena, Montana

          Dennis Paxinos, County Attorney; Christopher Morris, Deputy
County Attorney, Billings, Montana

Submitted on Briefs:  May 9, 2007

Decided:  June 5, 2007

Filed:

_____
Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Bobby Tipton pled guilty to felony theft and received a six-year deferred imposition of sentence and was placed on probation for that period. Tipton's probation was based on several conditions, including that he abide by all laws, refrain from using drugs or alcohol, submit to drug and alcohol testing when requested, and pay restitution and supervision fees. Several months after receiving the deferred sentence, Tipton's probation officer reported that Tipton violated terms of his probation when he was subject to misdemeanor charges for minor in possession, shoplifting and escape, drinking, refusing to submit to a drug test, and failing to pay restitution. Because of the violations, the District Court sentenced him to the Department of Corrections for six years with four years suspended. After his release from the Montana State Prison, Tipton was again placed on probation with the same conditions.

¶3 In May 2006, Tipton's probation officer reported that Tipton had violated several more conditions of his probation, including testing positive for methamphetamines, committing misdemeanor assault, committing traffic violations, failing to pay restitution

2

and supervision fees, and missing a reporting day with his probation officer. The assault occurred while Tipton was attending the job corps, and as a result, he was removed from the program. Although he characterized the assault as a fight, he had pled guilty to the charge.

¶4 Tipton appeared in court on the probation violations and admitted to the assault, the traffic violations, and failing to pay restitution and supervision fees. At the hearing, the District Court stated that Tipton's admissions were sufficient to prove that Tipton failed to comply with the rules of his probation. The court revoked his former sentence and sentenced Tipton to four years with the Department of Corrections, recommending that he be placed in a prerelease center. The court gave the following reasons for revoking Tipton's sentence in its written order and judgment:

> The Court notes defendant while on supervised probation did not adequately follow the conditions/rules; failed to successfully participate in the rehabilitation programs available and failed to demonstrate that he can live his life by the rules of society and become a law-abiding citizen/productive member of society; therefore followed the recommendations of defendant's Supervising Officer and counsel concluding the interests of justice and the needs of public safety require the level of security, closer supervision and more structured environment provided by the Department of Corrections along with the authority to place defendant in community-based programs in hopes to have no further involvement with the criminal justice system.

¶5 Tipton argues on appeal that his probation violations were not serious enough to support the revocation of his suspended sentence. The State must show by a preponderance of the evidence that the defendant violated the conditions of his sentence. Section 46-18-203(6), MCA; *State v. Baird*, 2006 MT 266, ¶ 17, 334 Mont. 185, ¶ 17,

145 P.3d 995, ¶ 17 (citations omitted). Revocation of a suspended sentence is "proper if the district court is reasonably satisfied that the conduct of the probationer has not been what he agreed it would be if he were given liberty." *Baird*, ¶ 17 (citations omitted). "There are no minor violations of probationary agreements and even one violation may be sufficient for revocation." *Baird*, ¶ 17 (citations omitted). Tipton admitted to conduct which constituted violations of his probation. His admissions were enough for the court to reasonably find that he violated his suspended sentence and to revoke the sentence.

¶6 Tipton also argues that the District Court failed to enter findings regarding its reasons for revoking his suspended sentence. A sentencing court's written judgment combined with the transcript of the court proceedings "may provide the necessary written statement explaining the evidence relied upon and the reason for the decision to revoke the probation." *Baird*, ¶ 30 (citations omitted). In this case, the oral and written records leave no doubt that the District Court revoked Tipton's suspended sentence based on Tipton's admissions to conduct which constituted probation violations, his failure to comply with the rules of probation, his failure to successfully participate in rehabilitation programs, and his inability to live his life by the rules of society. The District Court did not abuse its discretion when it revoked Tipton's suspended sentence. *See Baird*, ¶ 15.

¶7 It is appropriate to decide this case pursuant to our Order of February 11, 2003, amending Section 1.3 of our 1996 Internal Operating Rules and providing for memorandum opinions. It is manifest on the face of the briefs and the record before us

4

that the appeal is without merit because the legal issues are clearly controlled by settled Montana law which the District Court correctly interpreted.

¶8      We affirm the judgment of the District Court.


                                        /S/ W. WILLIAM LEAPHART


We concur:

/S/ BRIAN MORRIS
/S/ PATRICIA COTTER
/S/ JOHN WARNER
/S/ JIM RICE